IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULA HOWARD, an individual <br><br> Plaintiff, <br><br> v. <br><br> PROVISO TOWNSHIP HIGH SCHOOL SD 209 BOARD OF EDUCATION and PROVISO TOWNSHIP HIGH SCHOOL SD 209 <br><br> Defendant(s). | Case No: |

## COMPLAINT

NOW COMES Plaintiff, PAULA HOWARD ("Plaintiff" or "Howard"), by and through her attorneys, Shaw Legal Services Ltd., complains of Defendants PROVISO TOWNSHIP HIGH SCHOOL SD 209 BOARD OF EDUCATION (the "Board") and PROVISO TOWNSHIP HIGH SCHOOL SD 209 ("Proviso"), (collectively referred to as "Defendants") as follows:

## INTRODUCTION

1. From 2003 to 2017, Plaintiff was employed at Defendant Proviso as an educator and was an exemplary employee, who took pride in her work. As a result of her performance over the years, Plaintiff has received numerous accolades and resounding recommendation from her supervisors.

2. In or around December 2012, Plaintiff applied for Defendants' Retirement Incentive Program ("Application" or "Program"), based on Defendants' annual H.R. notifications indicating she had 20 years of service. Under the Program, Plaintiff had to leave Defendant Proviso at the end of the 2017 school year.

3. In 2013, Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") cross-filed with the Equal Employment Opportunity Commission ("EEOC") against Defendant Proviso.

4. Defendant Proviso submitted Plaintiff's Application based on 14 years of service instead of 20 years, which Plaintiff did not want as it equated to less benefits. Plaintiff asked Defendant Proviso to amend or withdraw her Application prior to Defendant Board approving it.

5. Defendants refused Plaintiff's request claiming that once a retirement application is submitted it cannot not be changed or amended. Plaintiff respected Defendants' authority on the retirement issue and accepted their statements as true at the time.

6. However, on May 26, 2020, Plaintiff learned for the first time that Defendants approved the amendment and withdrawal of similarly situated employee Daniel Johnson's (Johnson) retirement application. Johnson is a white male and subject to the same retirement application procedures as Plaintiff and all other employees classified as teachers working for Defendants. Defendants applied different retirement rules to Plaintiff than it did for its white male employees and employees who did not complain to the IDHR and Equal Employment Opportunity Commission ("EEOC").

7. Defendants have no legitimate reason for treating Plaintiff differently other than on the basis of Plaintiff's race and gender and in retaliation for Plaintiff complaining to the IDHR and EEOC.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court is invoked pursuant to the provisions of *28 U.S.C. §1331* in that this case arises under federal law, specifically, Title VII of the Civil Rights Act of 1964,

*42 U.S.C. § 2000e, et seq* for unlawful discrimination based on race and gender; and retaliation for engaging in a protected activity in violation *42 U.S.C. § 2000e-3(a), et seq.*

9. Plaintiff has met all administrative prerequisites pursuant to *42 U.S.C. § 2000(e) et. seq.*

10. Venue is proper in the Northern District of Illinois, Eastern Division since the parties reside or are located in the District and the unlawful practices occurred within the District pursuant to *28 U.S.C. § 1391(b) and (c)*.

## PARTIES

11. Plaintiff is an African American female and at all times relevant to this lawsuit, is a citizen of the Unites States and a resident of Clarendon Hills, Illinois.

12. Defendant, Proviso is a public-school serving students in 9th through 12th grade within the State of Illinois, County of Cook and is an "employer" within the definition of *42 U.S.C. § 2000(e)(b)*. Proviso employs at least 162 employees.

13. Defendant Board is a unit of local government organized under the laws of the State of Illinois with offices at County of Cook, State of Illinois. Defendant Board governs school district 209 where Defendant Proviso is located ("District"). The Board's powers and duties include the authority to adopt, enforce, and monitor all policies for the management and governance of the District's schools. Further, the Board formulates, adopts, and modifies Board policies, at its sole discretion, subject to mandatory collective bargaining agreements and State and Federal law. The Board also makes employment decisions including hiring, discipline, and termination.

## FACTS COMMON TO ALL COUNTS

12. Plaintiff had been employed as a teacher in the title role of School Counselor at Proviso from 2003 to 2017. All eligible Proviso employees are classified as "teacher" regardless of their title as teacher, counselor, or administrator.

13. On December 19, 2012, of School year 2012-2013, Plaintiff applied for the Program, based on Defendants' annual H.R. notifications indicating she had 20 years of service. In this regard, the Program required at least 20 years of service to qualify.

14. All Proviso teachers including Plaintiff submit their retirement applications to the superintendent, the superintendent verifies employee eligibility for the program and submits qualified candidates to Defendant Board, and Defendant Board votes to approve or disapprove an application for retirement.

15. By January 2013, the Superintendent approved and submitted Plaintiff's Application to Defendant Board for a vote, with less than the 20 years of service eligibility requirement.

16. At that time, just hours prior to Defendant Board's January 2013 meeting, Plaintiff read on the Superintendent's public notice of Defendant's Board agenda meeting, that she was retiring with 14 years of service, which was not correct.

17. When Plaintiff brought this to Superintendent secretary Althea Busby's attention, she assured Plaintiff the corrections would be made to the January 2013 Defendant Board agenda that evening.

18. On January 28, 2013, Brenda Horton, Proviso's Executive Director of Human Resources advised that Plaintiff's Application would be based on 14 years of service instead of the 20 years of service Plaintiff had applied with, which equated to lesser benefits for Plaintiff.

4

19. On February 5, 2013, Plaintiff contacted the superintendent's office to correct the years of service discrepancy.

20. However, no corrections were made to Plaintiff's Application.

21. On February 8, 2012, Plaintiff asked Proviso to withdraw the Application given Defendant Proviso's failure to explain or correct the issue.

22. On March 29, 2013, Proviso's superintendent, Nettie Collins-Hart ("Hart"), claimed it was policy to accept a retirement application as presented and that no corrections or withdrawals were allowed once submitted.

23. Hart requested Defendant Board to make a final determination on Plaintiff's request to withdraw or correct the Application.

24. In 2017, Plaintiff left Defendant Proviso based on the requirements of the Program in hopes Defendant Board would withdraw her Application and thereby reinstate her as a full-time employee.

25. However, on July 22, 2019, Defendant Board issued a formal decision that Plaintiff's Application could not be corrected or withdrawn once she had submitted it.

26. Plaintiff respected Defendants' authority on the retirement issue and accepted their statements as true.

27. However, on May 26, 2020, Plaintiff learned for the first time that Defendants approved similarly situated employee Johnson's request to amend or withdraw his retirement application. Johnson is a white male and subject to the same retirement application procedures as all other district teachers and administrators including Plaintiff.

28. In doing so, Defendants applied different more flexible retirement application rules to its white male employees and its employees who did not complain to the IDHR and EEOC than it did for Plaintiff.

29. Johnson requested an initial retirement date of June 20, 2020. Defendants approved Johnson's request to correct or withdraw his retirement application, reinstated and promoted Johnson to interim Superintendent of Proviso, and allowed a second retirement date of October 2, 2020.

30. Johnson did not retire on October 2, 2020, instead Defendants granted Johnson's request for promotion to Assistant Superintendent of Human Resources and then to District level administration with no retirement date set.

31. Further, Plaintiff has been diligently searching for similar employment within the school system as a full-time teacher. Notably, a teacher is not eligible for full time employment if categorized as retired by the Teacher's Retirement System ("TRS"). TRS has not categorized Plaintiff as Retired. However, Defendants have improperly influenced potential employers to not hire Plaintiff by falsely claiming she is retired.

32. On or about October 9, 2020, Plaintiff filed two claims against Defendants Board and Proviso with the Illinois Department of Human Rights ("IDHR") and requested a cross claim with the Equal Employment Opportunity Commission ("EEOC").

33. On April 5, 2021, Plaintiff received her right to sue letter. This action is filed within 90-days of Plaintiff's receipt of the right to sue letter.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
## AS AMENDED 42 U.S.C. § 2000(e) et seq.

34. Plaintiff hereby incorporates and re-alleges the allegations of paragraphs 1 through 33 as if the allegations are set forth herein.

35. Plaintiff is an African American female citizen of the United States and is thus a member of a protected class based on race and gender.

36. Plaintiff suffered adverse employment action when Defendants Board and Proviso did not approve Plaintiff's request to correct or withdraw her Application, because she is not white and male.

37. Plaintiff reasonably accepted Defendants claim that retirement applications cannot be withdrawn and/or changed after submission as true.

38. Defendants have since improperly influenced prospective employers by falsely claiming Plaintiff is retired, which has prevented Plaintiff from obtaining full-time employment within Defendants' school district.

39. Defendants treated other similarly situated white male employees more favorably by allowing them to withdraw or correct their retirement applications after submitting their applications.

40. As such, Defendants subjected Plaintiff to different rules on retirement than other similarly situated employees and in doing so changed the terms and conditions of her employment, on the basis of Plaintiff's race and sex.

41. As a direct and proximate result of Defendants' acts, Plaintiff has suffered lost wages from 2017 to 2021 in an amount to be determined at trial but no less than $342,366.46; retirement contribution benefits which would have accrued from 2017 to 2021 had Defendants

withdrawn and reinstated Plaintiff; employment benefits, seniority status and damage to her professional reputation in an amount to be determined at trial, but no less than $50,000; and lastly Plaintiff has suffered emotional trauma, mental anguish, and damage to her professional reputation in an amount to be determined at trial, but no less than $25,000.

COUNT II: RETALIATION IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
AS AMENDED, 42 USC §2000e-3(a).

42. Plaintiff hereby incorporates and re-alleges the allegations of paragraphs 1 through 41 as if the allegations are set forth herein.

43. On March 4, 2013, Plaintiff engaged in protected activities when she filed IDHR charge number *2013 CF 2339* ("Protected Activity").

44. Plaintiff suffered adverse employment action when Defendants Board and Proviso did not approve Plaintiff's request to correct or withdraw her Application, because she engaged in the Protected Activity.

45. Defendants lead Plaintiff to believe that her Application could not be withdrawn or corrected once Plaintiff submitted it.

46. Plaintiff learned for the first time on May 26, 2020 that Defendants were dishonest about her Application when Defendants withdrew the retirement application of similarly situated employee Johnson and reinstated him to a full-time position.

47. Defendants have since improperly influenced prospective employers by falsely claiming Plaintiff is retired, which has prevented Plaintiff from obtaining full-time employment within those and Defendants' school district.

48. Defendants treated other similarly situated employees who did not complaint to the IDHR and/or EEOC more favorably by allowing them to withdraw or correct their retirement applications after submission.

49. As such, Defendants subjected Plaintiff to different rules on retirement applications than other similarly situated employees who did not complain to the IDHR and/or EEOC, and in doing so changed the terms and conditions of her employment based on Plaintiff engaging in protected activities.

50. As a direct and proximate result of Defendants' acts, Plaintiff has suffered lost wages from 2017 to 2021 in an amount to be determined at trial but no less than $342,366.46; retirement contribution benefits which would have accrued from 2017 to 2021 had Defendants withdrawn and reinstated Plaintiff; employment benefits, seniority status and damage to her professional reputation in an amount to be determined at trial, but no less than $50,000; and lastly Plaintiff has suffered emotional trauma, mental anguish, and damage to her professional reputation in an amount to be determined at trial, but no less than $25,000.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that, after trial by jury, this Honorable Court grant her relief as follows:

A. an amount no less than $342,366.46 to be determined at trial, representing total lost wages for the reduced salary Plaintiff had to accept from similar employment;

B. all appropriate retirement contributions, to be determined by TRS, paid to TRS for school years 2017 to 2021;

C. an amount no less than $50,000, to be determined at trial, to compensate Plaintiff for all lost employment benefits, seniority status and damage to her professional reputation;

D. an amount no less than $25,000 to be determined at trial, for emotional distress;

E. that Defendants remove all disciplinary documents from Plaintiff's personnel file;

F. Defendants reinstate Plaintiff in a suitable position with accompanying benefits, based on her seniority status that would have accrued but for the civil rights violation committed against her by Defendants;

G. reasonable attorney's fees and costs; and

H. any other relief this court finds just and equitable.

Respectfully Submitted,

/s/Caryn I. Shaw

SHAW LEGAL SERVICES, LTD
Caryn I. Shaw
540 W. Briar, Ste. B
Chicago, IL 60657
cshaw@shawattorneys.com
773 549 9500