THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULA HOWARD, ) | |
| ) | No. 21-cv-3573 |
| Plaintiff, ) | |
| ) | Judge Jorge L. Alonso |
| v. ) | |
| ) | |
| PROVISO TOWNSHIP HIGH SCHOOL ) | |
| SD 2019 BOARD OF EDUCATION and ) | |
| PROVISO TOWNSHIP HIGH SCHOOL ) | |
| SD 209, ) | |
| ) | |
| Defendants. ) | |

## Memorandum Opinion and Order

Plaintiff Paula Howard sues Proviso Township High School's board of education and its school district (collectively "Defendants") for alleged sex and race-based discrimination, as well as retaliation, under Title VII of the Civil Rights Act of 1964. Howard alleges that Defendants improperly refused to allow her to withdraw her retirement application after a dispute arose about her number of years of service. Defendants filed a motion to dismiss [5]. For the reasons set forth below, the Court grants in part and denies in part Defendants' motion.

## Background

The Court takes as true the following facts from Howard's complaint. Proviso High School employed Howard, an African American female, as a teacher from 2003 to 2017. Around December 2012, she applied for Proviso's Retirement Incentive Program, which required at least 20 years of service to qualify. At the time, human-resource notifications indicated that Howard had 20 years of service credited to her. In January of 2013, the Superintendent approved and submitted Howard's application to the Board of Education for a vote. The submission, however,

showed only 14 years of service rather than the 20 she had applied with, which equated to fewer benefits under the program.

Hours before the Board meeting, Howard learned that the Superintendent submitted her application with 14 years of service instead of 20. She asked the Superintendent's office to correct the error and was assured by the Superintendent's secretary that the issue would be fixed. No corrections were ever made to the application. On January 28, 2013, Proviso's Executive Director of Human Resources advised Howard that her application would be submitted with 14 years of service rather than 20.

In February 2013[1], Howard asked Proviso to withdraw her application given its failure to explain or correct the years-of-service issue. Proviso's Superintendent told her that it was the Board's policy to accept a retirement application as presented and that no corrections or withdrawals were allowed once submitted. On March 29, 2013, Proviso's Superintendent requested that the Board make a final determination on Howard's request to withdraw or correct her application. Howard continued working at Proviso until 2017 when she left the school, hoping still that the Board would formally withdraw her application and reinstate her as a full-time employee.

On July 22, 2019, the Board issued a formal decision that Howard's application could not be corrected or withdrawn. Later, on May 26, 2020, Howard learned that the Board allowed a similarly-situated employee—Daniel Johnson, a white male—to withdraw and amend his retirement application.

---

[1] Howard's complaint alleges this request occurred on February 8, 2012. The Court assumes this is a typographical error since that date does not align with the dates for the remaining allegations. Moreover, Howard's motion for leave to file an amended complaint in the IDHR proceeding indicates the date was February 8, 2013.

On March 4, 2013, Howard filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR"). [2] In her charge, Howard alleged that she was subjected to harassment and a hostile work environment between January 22, 2013 and March 1, 2013. The IDHR investigated this charge and, on April 15, 2014, filed a complaint on Howard's behalf before the Illinois Human Rights Commission ("IHRC"). The complaint alleged that the Proviso Board created a "hostile, intimidating, and offensive work environment that substantially interfered with Complainant's ability to perform her job" and that such conduct amounted to retaliation for filing prior charges of discrimination. [6-2] at p.3. In summary, Howard alleged that two Proviso employees made harassing comments to her, yelled at her for trivial reasons, falsely accused her of returning late to work for lunch, refused to approve travel expenses that had previously been approved, and threatened to write her up because she would not tell one of the individuals about conversations she had with co-workers.

Several years later, on June 28, 2019, Howard filed a motion for leave to amend her complaint in the IHRC matter. She sought to amend her complaint to include allegations that Defendants made an error in calculating her number of years of service and that the Defendants discriminated against her by not letting her withdraw her retirement application because of her sex, race, and the prior discrimination charges she filed. On March 9, 2020, the administrative

---

[2] The remaining facts are from outside the pleadings. The parties dispute whether the Court can or should take judicial notice of the documents attached to Defendants' motion to dismiss without converting Defendants' motion into one for summary judgment. A district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Plaintiff argues that judicial notice is improper because the substantive issues in the administrative proceeding are disputed. But this misses the point. The procedural history in the administrative proceeding is undisputed. For example, it is undisputed that Plaintiff filed a motion for leave to amend her complaint or that the ALJ denied that request. Moreover, Plaintiff expressly referenced the administrative process in her complaint. *See* [1] at ¶¶ 9, 32, 33. Because these are matters of public record, the Court takes judicial notice of the dates and events in the administrative proceeding without adopting the IHRC's substantive findings.

law judge in the IHRC proceeding issued an order denying Howard's request to amend her complaint. The order ruled that the request to amend was untimely and that the new allegations did not relate to the original allegations.

## Discussion

Defendants argue that: (1) the Court should dismiss Howard's claims based on the *Rooker-Feldman* doctrine; (2) the Court should dismiss Howard's claim based on the statute of limitations; (3) if the Court does not dismiss the claims, it should stay this case under the *Colorado River* abstention doctrine; and (4) Defendant Proviso School District is a non-suable entity and therefore must be dismissed. The Court addresses each argument in turn.

### I. *Rooker-Feldman* Doctrine

Defendants first argue that the *Rooker-Feldman* doctrine precludes Howard from challenging in federal court the denial of her request for leave to amend in the administrative proceeding. The Court disagrees. The *Rooker-Feldman* doctrine prevents federal courts from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). But the *Rooker-Feldman* doctrine does not apply to state administrative proceedings. *Van Harken v. City of Chicago*, 103 F.3d 1346, 1349 (7th Cir. 1997). Accordingly, it does preclude Howard from bringing her claims despite what happened in the administrative proceeding.

### II. Statute of Limitations

4

Next, Defendants argue that the Court should dismiss this case based on the statute of limitations. A complaint need not foresee nor overcome affirmative defenses, including one based on the statute of limitation. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). A court, therefore, cannot dismiss a plaintiff's complaint under Rule 12(b)(6) simply because it fails to plead around an affirmative defense. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Only if the plaintiff affirmatively "pleads itself out of court" by alleging facts in the complaint that are sufficient to establish the defense should a court grant a motion to dismiss based on an affirmative defense. *Xechem*, 372 F.3d at 901.

Title VII requires that, in states like Illinois that have an equal opportunity employment commission, a charge of unlawful employment practices be filed with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1); *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006). Failure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII. *Martinez v. United Auto., Aerospace & Agric. Implement Workers of Am.*, 772 F.2d 348, 350 (7th Cir. 1985). Like other defenses, the statute of limitations defense under Title VII is subject to equitable doctrines. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860-61 (7th Cir. 2005); *Hedrich v. Board of Regents of Univ. of Wisc. Systems*, 274 F.3d 1174, 1182 (7th Cir. 2001).

Defendants argue that the Court should dismiss Howard's claim based on the statute of limitations because she filed her charge more than 300 days after the discriminatory event occurred. The Board issued a formal decision on July 22, 2019 denying Howard's request to withdraw her application, but she filed her discrimination charge on October 9, 2020—more than

5

300 days after the Board's decision. In response, Howard argues that: (1) her claim did not accrue until May 26, 2020, when she heard about the other individual being allowed to withdraw and amend his retirement application and (2) the continuing violation doctrine makes her claim timely because her current status as a retired teacher is a continuing violation.

First, with respect to the continuing violation doctrine, this doctrine does not apply to Title VII cases after *Nat'l R.R. Passenger Corp. v. Morgan*. Indeed, *Morgan* makes clear that claims under Title VII related to discrete acts, such as the one Howard alleges, accrue on the day that they happen. 536 U.S. at 110-11. Only in a hostile environment claim—which is not the claim here—can repeat conduct be considered part of the same actionable claim, even if some of the acts fall outside the 300-day filing window. *Id.* at 115-121. Because Howard alleges a discrete act, her claim accrued on July 22, 2019 when the Board issued a decision about her request to withdraw her retirement application.

Nor does her continued status as a retired employee alter the accrual date for the statute of limitation. Howard's position conflates a continuing violation with a continuing harm. If a discrete act causes a continuing harm, such as in this case, the 300-day window still runs from the day of the act. *Bass v. Joliet Public School Dist. No. 86*, 746 F.3d 835, 839-40 (7th Cir. 2014).

Second, although she incorrectly frames it in terms of when her claim accrued, her argument related to the May 26, 2020 date effectively requests that the Court toll the start date for her claim. Indeed, she argues that it was Defendants' actions—both their prior uniform use of the amendment policy and statements to her—that caused her to believe that her retirement application could not be amended or withdrawn because of a policy rather than because of race, sex, or retaliatory motives. What's more, even though she claims she is not asking for tolling, she

cites to *Webb v. Indiana Nat. Bank*, 931 F.2d 434, 436 (7th Cir. 1991), which discusses equitable tolling in Title VII cases. Although Howard is mistaken about when her claim accrued, her argument nevertheless sounds in equitable tolling/estoppel analysis. *See Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) ("A defendant who through misleading representations or otherwise prevents the plaintiff from suing in time will be estopped to plead the statute of limitations. This is equitable estoppel. But even when the defendant is faultless, if the plaintiff because of disability, irremediable lack of information, or other circumstances beyond his control just cannot reasonably be expected to sue in time, the statute of limitations will be tolled until he is able through the exercise of proper diligence to file his suit. This is equitable tolling.").

The fact that Howard relies on the wrong legal theory is not fatal to her claim. *See Vidimos, Inc., v. Laser Lab Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996) ("The Federal Rules of Civil Procedure do not require a plaintiff to plead legal theories"); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1219 (3d ed. 2004). After all, a complaint need not identify a legal theory—and even where it does, identifying the incorrect legal theory does not require dismissal at the pleading stage. *See Williams v. Seniff*, 342 F.3d 774, 792 (7th Cir. 2003). It is only the sufficiency of the facts pled in the complaint that is the subject of a 12(b)(6) motion. *See Johnson v. Shelby*, 574 U.S. 10, 11-12 (2014).

Although Defendants identify facts that, if true, raise concerns about whether Howard's claims can withstand a statute of limitations defense, this issue is better suited for summary judgment. The facts alleged in Howard's complaint suggest that an argument can be made against applying the statute of limitations here based on an equitable doctrine, which is enough for now. *See, e.g.*, *Thomas v. City of Chicago*, Case No. 07-cv-4969, 2009 WL 1444439, at *4 (N.D. Ill. May 21, 2009) ("In sum, because Plaintiff has pled facts that are sufficient to

'plausibly suggest'"(E.E.O.C., 496 F.3d at 776) that he is entitled to equitable tolling of the statutory limitations period, Defendants' motion to dismiss Count I is denied"). In short, the Court finds that Howard has not pled herself out of court and that dismissal at this stage based on the statute of limitations is not warranted.

### III.     Abstention under the *Colorado River* Doctrine

Next, Defendants argue that the Court should stay this case under the *Colorado River* abstention doctrine. This doctrine allows courts to conserve judicial resources by abstaining from exercising jurisdiction when a parallel case proceeds elsewhere. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). First, the Court must determine whether the concurrent state and federal actions are parallel. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498-99 (7th Cir. 2011). "Two suits are parallel for *Colorado River* purposes when substantially the same parties are contemporaneously litigating substantially the same issues." *Id.* Precise formal symmetry is unnecessary. *Id.* Put differently, the Court should examine whether the suits involve the same parties, arise out of the same facts, and raise similar factual and legal issues. *Id.* If so, then the Court must consider if exceptional circumstances justify abstention. *Id.* The Court should resolve any doubt about the state suit's parallel nature in favor of exercising jurisdiction. *Id.*

In this case, for much the same reasons applied in the *Rooker-Feldman* analysis, the Court finds that abstention is not appropriate. Although both cases involve the same parties, the similarities end there. The administrative proceeding arises out of allegations of harassment and a hostile work environment created by Proviso staff. This case, on the other hand, involves allegations that Defendants discriminated against Howard for filing discrimination charges in the

past and treating her differently on account of her sex and race. In short, the cases are not parallel. Accordingly, the Court finds that abstention is not warranted.

### IV. Proviso Township High School SD 209

Lastly, the Court addresses Defendants' argument that "Proviso Township High School SD 209" lacks the legal capacity to be sued. In support, Defendants point to the Illinois School Code, which states that the right to sue or be sued belongs solely to the board of education. *Board of Education of Bremen High School Dist. No. 228 v. Mitchell*, 387 Ill. App. 3d 117, 120, 124 (1st Dist. 2008). Howard, in response, argues that: (1) the school district is an employer under Title VII and therefore suable; (2) this Court has heard other cases involving a school board; (3) not allowing suit against the school district would be contrary to the spirit of Title VII; and (4) the school district has received funds and therefore may be a necessary party under Fed. R. Civ. P. 19.

The Court looks to Illinois law to determine whether a school district has the capacity to be sued. *See DeGenova v. Sheriff of DuPage Cty.*, 209 F.3d 973, 977 n.2 (7th Cir. 2000) (citing Fed. R. Civ. P. 17(b)). As Defendants correctly point out, the Illinois School Code states that a school district's board of education has the capacity to sue or be sued. 105 ILCS 5/10-2. Some courts have held that although a school board is a proper defendant, a school district is not unless another provision of the school code or another statute authorizes a school district to sue or be sued. *See Veazey v. Bd. of Educ. of Rich Twp. High Sch. Dist. 227*, 2016 IL App (1st) 151795, ¶ 27 (Ill. App. Ct. 2016); *see also Mitchell*, 387 Ill. App. 3d at 120 ("[O]ur courts have defined a school district as a geographical area that generally lacks the capacity to sue unless expressly authorized by statute to do so."). To be sure, Illinois law does not say that a school district wholly lacks the capacity to sue or be sued; rather, a school district can sue or be sued if a statute

9

expressly permits it. *Mitchell*, 387 Ill. App. 3d at 120; *see also Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 640 (7th Cir. 2015).

Here, the Court agrees that the claims against the school board should be dismissed. Howard points to no statute that permits suit against the Defendant school board. Indeed, this was the same analysis applied in *Smoler v. Bd. of Educ.*, 524 F. Supp. 3d 794 (N.D. Ill. 2020), one of the Court's prior cases that Howard relies on. Nor is the Court persuaded that the school district should remain as a necessary party under Fed. R. Civ. P. 19. Even if the school district received federal funds, that does not change the fact that no statute permits the school board to sue or be sued. What's more, the distinction between the board and the school district was never raised in the other cases Howard cites. Those cases, therefore, provide no guidance here. Accordingly, the Court dismisses the school district as a defendant.

## Conclusion

For the reasons herein, the Court grants in part and denies in part Defendants' motion to dismiss [5]. The Court grants Defendants' request to dismiss Defendant Proviso Township High School SD 209 as a party-defendant. The Court denies the remainder of the motion to dismiss. The Board's answer is due on or before May 5, 2022. A status hearing is set for May 20, 2022 at 9:30 a.m. The Court directs the parties to file a joint initial status report in accordance with the Court's standing order by May 17, 2022.

**SO ORDERED.**  ENTERED: April 21, 2022

_____
**JORGE L. ALONSO**
**United States District Judge**