IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULA HOWARD | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) No. 1:21-CV-03573 |
| PROVISO TOWNSHIP HIGH SCHOOL SD 209 | ) |
| BOARD OF EDUCATION and PROVISO | ) |
| TOWNSHIP HIGH SCHOOL SD 209 | ) |
| | ) |
| Defendants | ) |

**DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR ATTORNEY FEES**

Proviso Township High School District 209 Board of Education (Board of Education), through its attorneys, CLAUSEN MILLER, P.C., also incorrectly sued as "Proviso Township High School SD 209," files its motion to enforce the settlement agreement entered into between the Board of Education and Paula Howard (Plaintiff) and for attorney fees for Plaintiff's bad faith refusal to execute the Release of All Claims formalizing the settlement agreement reached on April 11, 2022.

**Introduction and Statement of Facts**

1. Plaintiff filed this lawsuit as well as an action before the Illinois Human Rights Commission, *Howard v. Proviso Township High Schools District 209*, ALS NO. 14-0148. Both lawsuits alleged conduct related to Plaintiff's employment with the Board of Education.

2. An Administrative Law Judge presiding over the action before the Human Rights Commission previously set ALS NO. 14-0148 for public hearing on May 9, 2022. With that hearing pending, the parties requested and obtained a judicial settlement conference.

1

8321718.1

   The parties attended the judicial settlement conference before Judge Borah on April 11, 2022. (Ex. 1, Affidavit of Daniel L. Polsby, attorney for the Board of Education)

3. During the course of the judicial settlement conference attended by the parties and their attorneys, which lasted all day, the parties reached a confidential settlement agreement that resolved all claims in both this action and the action pending before the Human Rights Commission in exchange for a lump sum payment from the Board of Education. Plaintiff agreed to the terms of the settlement, dismissal of all claims, federal and state, in exchange for a sum of money.

4. At the settlement conference, the attorneys for the parties signed a document prepared by Judge Borah entitled Confirmation of Settlement, which Judge Borah attached to an order that he issued on April 12, 2022. (Ex 2, 2022 04 12 Order)

5. Immediately after the settlement conference, the Board of Education's counsel sent an email to Plaintiff's counsel confirming the terms of the settlement reached by the parties. Because the settlement terms are confidential, with appropriate exceptions given the applicable public disclosure statutes, the Board of Education filed it under seal provisionally and filed a separate motion for leave to file under seal. (Ex. 3, 2022 04 11 Polsby email to Shaw) In essence, the agreement required dismissal of all claims, federal and state, in exchange for payment of a lump sum negotiated at the judicial settlement conference. Counsel for Plaintiff did not respond to the email or otherwise object.

6. On April 12, 2022, Chief Administrative Law Judge Weinthal entered an order requiring the Board of Education to inform Judge Borah upon approval of the settlement by the Board of Education. (Ex. 4, 2022 04 12 Order)

8321718.1

7. On April 13, 2022, counsel for the Board of Education sent an email to Plaintiff's counsel providing a draft proposed release. (Ex. 5, 2022 04 13 Polsby Email RE_ Howard v. Proviso) The Board of Education's counsel attached a Word draft of the Confidential Release of All Claims. Because the settlement agreement is confidential, the Board of Education filed it under seal provisionally and filed a separate motion for leave to file under seal. (Ex. 6, Howard_RELEASE OF ALL CLAIMS(8176219.2))

8. On April 14, 2022, Chief Administrative Law Judge Weinthal entered an order stating that the parties advised that the Board of Education approved the settlement. (Ex. 7, 2022 04 14 Order) Chief Administrative Law Judge Weinthal entered an order striking the public hearing set for May 9-12, 2022, and empowered Judge Borah to hold any further status hearing necessary to close this case. (Ex. 7)

9. Plaintiff made no objection to the order entered by Chief Administrative Law Judge Weinthal and filed no motion asking that the settlement be vacated.

10. The Board of Education's counsel followed up with Plaintiff's counsel several times, but did not receive a signed Release of All Claims or any response providing proposed revisions.

11. On May 24, 2022, Plaintiff's counsel filed motions to withdraw before this Court and before the federal court.

12. On May 25, 2022, counsel for the Board of Education sent an email to Plaintiff's counsel advising of the Board of Education's position that Plaintiff's conduct in attending a settlement conference and then refusing to sign the settlement agreement was sanctionable. Counsel for the Board of Education warned that the Board of Education intended to seek attorney fees as a sanction for the fees expended in preparing this motion

3

8321718.1

as well as any motion required before the Human Rights Commission (Ex 8, 2022 05 25 Polsby Email Re Howard Cases_ALS Case No._14-0148 and 21-cv-03573) Plaintiff's counsel responded that she forwarded the email to Plaintiff. (Ex 9, 2022 05 25 Response to Polsby Email Re Howard Cases_ALS Case No._14-0148 and 21-cv-03573) However, the Board of Education's counsel received no substantive response and no assurance that Plaintiff would sign the Release of All Claims.

13. On May 26, 2022, Judge Borah entered an order citing to orders previously entered by the Illinois Human Rights Commission addressing the enforcement of settlement agreements. (Ex 10, 2022 05 26 Order) Judge Borah stated in his order that "In the case at bar, on April 11, 2022, it is undisputed that the parties entered good faith negotiations with the goal to settle the case. By the end of the conference, the parties had a meeting of the minds and entered a valid contract to resolve their dispute." (Ex. 10 at 2)

14. On June 3, 2022, the parties attended a hearing on Plaintiff's counsel's motion to withdraw before this Court. At that hearing, counsel stated that she understood that the settlement entered into on April 11, 2022, settled both the state and federal actions.

15. At the June 3, 2022, hearing, counsel for the Board of Education, advised the Court that the parties attended a judicial settlement conference and had entered into a settlement agreement that resolved both the state and federal actions. (Ex. 11, 2022 06 03 Transcript at 3-4) Plaintiff's counsel advised the Court that, "Mr. Polsby's statements are relatively accurate, Judge, except that I can't really comment on Ms. Howard's reasoning." (Ex. 11, 2022 06 03 Transcript at 4)

16. When pressed by the Court as to whether Plaintiff believed the parties entered into a settlement agreement, Plaintiff's counsel stated," Well, Judge, my position is that we did

4

8321718.1

have a successful settlement conference, but I don't want to put words in Ms. Howard's mouth. She has a different understanding." (Ex. 11, 2022 06 03 Transcript at 4)

17. After hearing from Plaintiff directly, the Court again turned to Plaintiff's counsel who said, "Like I said, Judge, I believe that there was an appropriate settlement reached that resolved the federal matter and the state matter. The terms of the agreement were thoroughly reviewed with Ms. Howard. We had an all day settlement conference." (Ex. 11, 2022 06 03 Transcript at 6)

18. After a brief interruption from Plaintiff, Plaintiff's counsel continued as follows, "And Ms. Howard understood, she has several degrees, she's very competent, and there was no question. And so she's asking me to do something, to try to get out of the settlement agreement, when I do not believe (inaudible) –" (Ex. 11, 2022 06 03 Transcript at 6)

**Argument**

**I. Motion to Enforce Settlement Agreement**

This Court has the authority to enforce the settlement agreement reached by the parties, with Judge Borah present at the conclusion of a judicial settlement conference, on April 11, 2022. There is no serious dispute that the parties entered into an enforceable settlement agreement. Plaintiff herself, until June 3, 2022, when she appeared before this Court, never raised an objection to the settlement. As of the filing of this motion, she has not made any argument that her attorney did not have the authority to enter into a settlement agreement on her behalf.

A settlement agreement is a contract and is governed by principles of contract law. *County Line Nurseries & Landscaping, Inc. v. Glencoe Park District*, 2015 IL App (1st) 143776. A meeting of the minds exists whenever the parties' conduct objectively indicates

5

an agreement to the terms of the settlement, even if one or more parties did not subjectively intend to be bound. *Id*.

This Court has the authority to enforce the settlement agreement between the parties. *See, e.g., Givens v. Vaughn,* No. 20-2555, 2021 U.S. App. LEXIS 24615, at *1-2 (7th Cir. Aug. 18, 2021). In this case, the parties and their attorneys attended an all-day judicial settlement conference. At the conclusion of negotiations, the parties reached a confidential settlement agreement that provided for a lump sum payment by the Board of Education in exchange for dismissal with prejudice of both the action pending before this Court and the action pending before the Human Rights Commission. To confirm that the parties reached a settlement, Judge Borah had counsel for the parties sign a Confirmation of Settlement document, which he attached to a court order. As stated in Judge Borah's order dated May 26, 2022, an attorney's statements bind the client. (Ex. 10 at 3) *See Tarr and Evanston/Skokie District No. 65*, IHRC, ALS No. 7396, Feb. 4, 2000, *quoting Sakun v. Taffer*, 268 Ill. App. 3d 343 (1st Dist. 1994).

Plaintiff's counsel, Caryn Shaw appeared before this Court for hearing on her motion to withdraw as counsel for Plaintiff. Ms. Shaw advised the Court that she understood that the parties entered into a valid settlement agreement on April 11, 2022, and that the settlement resolved all of Plaintiff' claims against the Board of Education, state and federal. (Ex. 11, 2022 06 03 Transcript) An attorney's statement that her client authorized a settlement can establish that the plaintiff settled. *Givens v. Vaughn*, No. 20-2555, 2021 U.S. App. LEXIS 24615, at *7 (7th Cir. Aug. 18, 2021). Parties are bound to the actions of their chosen agent, even for such an important matter as a settlement. *lustra v. Mineo*, 595 F.3d 699, 709 (7th Cir. 2010).

In his May 26, 2022, order, Judge Borah confirmed that he attended the settlement conference on April 11, 2022. (Ex. 10 at 1) He further found that Plaintiff understood and agreed to the terms of settlement:

> By the end of the conference, the parties had a meeting of the minds and entered a valid contract to resolve their dispute. First, I asked both parties and their respective counsel if they agreed to the terms of the settlement reached during the conference. Both parties and their counsel agreed that a settlement had been reached and signed a document reflecting that agreement. Accordingly, I indicated to both parties that the terms of the settlement and its details would be reduced to writing by their attorney representatives.
>
> Complainant was present at the settlement conference and at the close of it an understanding of the terms existed. It is undisputed that Complainant was present when both counsels represented to me that the matter had been settled. Also, Complainant cannot dispute that she was present during all of the negotiations and that she did not inform the Judge that the matter had not been settled or felt pressured to settle or objected to the terms of the settlement. Further, she was present at the signing of a document acknowledging the agreement. At any time during the conference, she could have said, "No," and did, as offers and counteroffers were presented and rejected throughout the day by the respective attorneys with the parties' unput and consent.

(Ex. 10 at 2, italics in original)

Judge Borah's May 26, 2022, order instructed the parties to attempt to conform to the terms of their April 11, 2022, settlement agreement. (Ex. 10 at 3) However, Plaintiff has still not signed the Release of All Claims, which puts the Board of Education in a difficult position as it bargained for settlement of both this action before this Court and the litigation pending before the Human Rights Commission. Plaintiff's conduct forced the Board of Education to file motions before this Court and the Human Rights Commission.

Here, the Board of Education, Judge Borah, and Plaintiff's former attorney have provided ample evidence that the parties entered into a settlement agreement. Both Plaintiff and her attorney consented to the terms of the settlement agreement proposed at the judicial settlement conference, which counsel for the Board of Education first emailed to Plaintiff's counsel in

7

outline form and then provided in detailed format as the draft Release of All Claims. Given the overwhelming evidence in support of the Board of Education's position, the Court should enter an order compelling Plaintiff to sign the draft Release of All Claims previously sent to her attorney.

**II. Motion for Attorney Fees**

This Court has inherent authority to award attorney fees against a litigant who conducts litigation in bad faith. *Mohammed v. Anderson*, 833 F. App'x 651, 654 (7th Cir. 2020). District courts have awarded attorney fees for the refusal to sign settlement agreements. *See Dhaliwal v. Woods Division, Hesston Corp.*, Nos. 90-2212, 90-2259, 90-2357, 1991 U.S. App. LEXIS 7327, at *7-8 (7th Cir. Apr. 16, 1991) (district court did not abuse its discretion in awarding attorney fees to the defendants based on the plaintiff's refusal to sign settlement agreement); *True v. Tintari Riebe*, Case No. 94 C 5894, 1995 U.S. Dist. LEXIS 19836, at *19 (N.D. Ill. Dec. 22, 1995) (district court awarded fees where the plaintiff's refusal to sign settlement agreement required the defendants to file a motion to enforce the settlement agreement)

There can be no question that Plaintiff is refusing to sign the settlement agreement in bad faith. The parties attended an expensive, in terms of attorney fees, in person judicial settlement conference, with the Board of Education's outside general counsel in attendance. The conference required significant preparation, including preparation of a report to the Board of Education's insurer necessary to obtain settlement authority, reporting to the Board of Education's general counsel, review of relevant case related documents, and preparation of a written response to Plaintiff's settlement demand. The Board of Education attended the judicial settlement conference with the understanding and the expectation that Plaintiff would participate in good faith and, that if the parties reached a settlement agreement, all parties would honor it.

8

8321718.1

**Conclusion**

For the foregoing reasons, the Board of Education respectfully requests that the Court enter an order providing the following relief to the Board of Education:

1. Enter an order granting the Board of Education's motion to enforce the confidential settlement agreement entered into by the parties on April 11, 2022;

2. Enter an order requiring Plaintiff to sign and comply with the draft Release of All Claims;

3. Grant the Board of Education leave to file a petition for attorney fees within 21 days after Plaintiff signs the Release of All Claims with any fees awarded by the Court to be deducted from the settlement amount agreed upon by the parties on April 11, 2022;

4. In the alternative, dismissal with prejudice in the event that Plaintiff refuses compliance with court orders; and

5. Any further relief that the Court deems appropriate.

        Respectfully submitted,

        /s/ *Daniel L. Polsby*
        CLAUSEN MILLER P.C.

PAIGE M. NEEL – 6279324
DANIEL L. POLSBY – 6270444
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
FAX: 312.606.7777
pneel@clausen.com
dpolsby@clausen.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE AND NOTICE OF ELECTRONIC FILING**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the Clerk of the U.S. District Court using the CM/ECF system, which sent notification of such filing to counsel of record on July 6, 2022.

    Respectfully submitted,

    */s/ Daniel L. Polsby*